**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. CAGE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE GONZALEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  48A02-1203-CR-182 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT DIVISION 3
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-1104-FB-776

**November 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Jose Gonzalez was charged with two counts of Sexual Misconduct with a Minor,[1] a class B felony. Less than six months later, the State filed three additional counts of class A felony child molesting involving a second victim. A few months later, Gonzalez pleaded guilty to the two counts of class B felony sexual misconduct with a minor. In exchange, the State dismissed the remaining class A felony counts involving the second victim. Gonzalez sentence was left opened to the court, and he was sentenced to consecutive terms of twenty years, for an aggregate term of forty years imprisonment.

Gonzalez now appeals the forty-year sentence. More particularly, although Gonzalez states that the trial court abused its discretion in sentencing him, the crux of his argument is that "[t]he trial court's imposition of maximum consecutive sentences in [sic] inappropriate and this Court should use its authority to revise the sentence due to the nature of the crime and the character of the defendant." Appellant's Br. p. 4. Accordingly, Gonzalez requests that we review and revise his sentence pursuant to our authority under Indiana Appellate Rule 7(B). Because Gonzalez has failed to convince us that his sentence is inappropriate, we decline to revise it and affirm the decision of the trial court.

<u>FACTS</u>

During April 2011, the Anderson Police Department was contacted by a case worker at the Madison County Department of Child Services, requesting assistance with conducting a welfare check on a fourteen-year-old girl. The report received by the police

---

[1] Ind. Code § 35-42-4-9(a)(1).

was that fourteen-year-old A.B. was living with thirty-five-year-old Gonzalez and was having sexual intercourse with him.

A.B. and Gonzalez were brought to the police station where A.B. stated that Gonzalez was aware of her age and that she had known him for approximately two months because of his relationship with her mother. A.B. stated that she had sex with Gonzalez on April 19, 2011, and on April 25, 2011. On both occasions, A.B. and Gonzalez went upstairs, undressed, and proceeded to have intercourse. According to A.B., she stayed with Gonzalez anytime her mother had errands to run and she was alone with him on a regular basis.

On April 29, 2011, Gonzalez was charged with two counts of class B felony sexual misconduct with a minor, namely, A.B. On October 14, 2011, the State filed three additional counts of class A felony child molesting involving a second victim.

On January 9, 2012, Gonzalez pleaded guilty to the two counts of class B felony sexual misconduct with a minor. In exchange for his guilty plea, the State agreed to dismiss the three counts of class A felony child molesting involving the second victim. The State also dismissed the probation violation that resulted from admitting guilt to these offenses. Gonzalez executed a written plea agreement with the State. Term Six provided:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement. It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be

served pursuant to this agreement and the defendant hereby waives any future request to modify the sentence under I.C. 35-38-1-17.

Appellant's App. p. 29. The plea agreement further provided that "[t]he sentence shall be open to the Court." Id. at 28.

A sentencing hearing was conducted on February 6, 2012, during which Gonzalez was sentenced to twenty years imprisonment on each count, to be served consecutively, for an aggregate term of forty years imprisonment. At the conclusion of the hearing, which was conducted almost one month after Gonzalez had signed the plea agreement, counsel for Gonzalez stated, "Your Honor, Mr. Gonzalez would like [t]o appeal the sentencing part." Tr. p. 28. The trial court responded, "Yes and so request is granted and John Wilson will effectuate a timely appeal." Id. The trial court did not inform Gonzalez that he retained the right to appeal his sentence; however, it did inform him at his guilty plea hearing that he could be sentenced anywhere from six to twenty years and that a finding of aggravating circumstances, such as his criminal history could result in those sentences being imposed consecutively. Gonzalez now appeals his forty-year sentence.

## DISCUSSION AND DECISION

While Gonzalez asserts that the trial court abused its discretion when it sentenced him, these assertions are collapsed into his argument that his sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B).[2] Article VII, Section 4 of the Indiana Constitution grants this Court the authority to

---

[2] Indeed, our Supreme Court has recognized that "[e]ven where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial

4

review and revise a trial court's sentence in all criminal cases. This authority is implemented through Rule 7(B), which provides that we will revise a sentence if, after due consideration of the trial court's decision, we are convinced that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When reviewing a sentence under Rule 7(B), our purpose is to "leaven the outliers, and identify some guiding principles for the trial courts . . . but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

At the outset, we observe that the State argues that Gonzalez has waived his right to challenge his sentence on appeal insofar as that one of the terms of his plea agreement was that Gonzalez waived his right to seek appellate review of his sentence. Our Supreme Court has held that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement, so long as the waiver is knowing and voluntary. Creech v. State, 887 N.E.2d 73, 76 (Ind. 2008).

Here, Gonzalez's plea agreement provided that "Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B)." Appellant's App. p. 29. And Gonzalez does not allege that his decision to enter into the plea agreement was not knowing or voluntary. Moreover, the fact that the trial court appointed appellate counsel is unavailing, inasmuch as Gonzalez was permitted to appeal his sentence if it violated

---

court's sentencing decision." Pierce v. State, 949 N.E.2d 349, 352 (Ind. 2011). Thus, the assertion that the trial court abused its discretion and that the sentence is inappropriate pursuant to Rule 7(B) are two separate arguments and should be presented accordingly.

5

the terms of the plea agreement. Consequently, Gonzalez has waived his right to appeal his sentence on the basis that it is inappropriate.

Waiver notwithstanding, Gonzalez's sentence is not inappropriate. As for the nature of the offense, on two separate occasions, Gonzalez engaged in sexual intercourse with fourteen-year-old A.B., who was entrusted in his care while her mother ran errands. Appellant's App. p. 23. A.B. stated that she was certain that Gonzalez was fully aware of her age. Id.

As for Gonzalez's character, he has an extensive criminal history, including:

- February 2000 – pleaded no contest to class A misdemeanor domestic battery in Texas.

- July 2001 – pleaded guilty to driving while intoxicated in Texas.

- October 2001 – pleaded guilty to driving while intoxicated and driving while suspended in Texas.

- September 2005 – convicted of Operating a Vehicle While Intoxicated (class D felony).

- June 2007 – convicted of Operating a Vehicle While Intoxicated Endangering a Person, Operating a Vehicle with a BAC of .15 or More, Resisting Law Enforcement, (class D felony).

- June 2009 – convicted of Operating a Vehicle as an Habitual Traffic Offender (class D felony).

Id. at 44-45.

While it may be argued that these offenses are nonviolent and are unrelated to the instant offenses, a criminal history such as this demonstrates two things: (1) a blatant disregard for the law; and (2) a willingness to not only engage in unlawful behavior, but

6

also to engage in more egregious criminal behavior of which the instant offenses are evidence.

Throughout Gonzalez's criminal history, the courts were frequently lenient with him by placing him on probation or in-home detention instead of a full-term of imprisonment. Appellant's App. p. 44-45. Notwithstanding the courts' mercy, Gonzalez violated his probation when he committed the instant offenses. Simply put, Gonzalez has demonstrated that he has no respect for the rule of law.

Moving forward to Gonzalez's argument that his decision to plead guilty to the two counts of class B felony sexual misconduct with a minor is a positive reflection of his character and should have been given mitigating weight by the trial court. Initially, we note that a defendant who pleads guilty generally deserves "some" mitigating weight to be afforded to the plea. Anglemyer v. State, 875 N.E.2d 218, 220 (Ind. 2007). Nevertheless, a guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in exchange for the guilty plea. Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999).

In the instant case, because Gonzalez pleaded guilty to two counts of class B felony sexual misconduct with a minor, the State agreed to dismiss three counts of class A felony child molesting involving a different victim. Consequently, Gonzalez received a substantial benefit from his pragmatic decision to plead guilty, and his decision to do so does not assist his argument that his sentence is inappropriate.

In sum, Gonzalez has failed to persuade us that this case is one of the "outliers" that we have been instructed by our Supreme Court to "leaven." Cardwell, 895 N.E.2d at 1225; see also Childress v. State, 848 N.E.2d 1073, 1080 (Ind. Ct. App. 2006) (concluding that it is the defendant's burden to persuade the court that his sentence is inappropriate). Consequently, we decline to revise Gonzalez's sentence and affirm the decision of the trial court.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.