## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2015, 10:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Lee,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 10, 2015<br><br>Court of Appeals Case No.<br>69A05-1409-CR-439<br><br>Appeal from the Ripley Circuit Court<br>The Honorable James B. Morris, Judge<br>Case No. 69C01-1304-FD-64 |

**Crone, Judge.**

## Case Summary

[1]     James Lee appeals his conviction for class D felony domestic battery and his sentence of two and a half years. He contends that his conviction is

unsupported by sufficient evidence and that his sentence is inappropriate based on the nature of the offense and his character. We conclude that sufficient evidence supports his conviction and that he has failed to carry his burden to persuade us that his sentence is inappropriate. Accordingly, we affirm.

## Facts and Procedural History

[2] Lee and S.L. married in January 2008 and lived together in Rexville. One evening in February 2013, Lee drove himself home after attending his father's visitation in Vevay. S.L. noticed that Lee was "intoxicated and having trouble standing up," so she "helped him go sit on the couch, so he wouldn't fall down." Tr. at 214, 248. Lee was "very intoxicated and very upset" about how people acted at the visitation. *Id.* at 214. S.L. told him that she understood how he felt because she had lost her father, too. Lee became angry and "punched [S.L.] in the stomach three times" and then "double backed his elbow" hitting her in the eye. *Id.* at 214-15. S.L. believed that "it was getting out of hand" and went to a different room, where she cried and called a friend. *Id.* at 215. Her friend told her to take a picture of her eye injury. S.L. took a photograph of her eye. State's Ex. 1. S.L.'s friend also advised her to call the police, but S.L. did not want to because Lee's father had just died.

[3] A day or two later, S.L.'s daughter took another picture of S.L.'s eye. State's Ex. 2. S.L. went to stay with a friend because of what happened, and she was afraid. After several more days, S.L. returned home to get clothing. Lee was there. S.L. told Lee that she "should press charges on him for what he did to [her] eye and he still hadn't apologized." Tr. at 224. Lee became angry and

said, "[Y]ou better think before you do this, you don't want to f**k with somebody who has nothing to lose because if they have nothing to lose, they have nothing to lose." *Id.* S.L. felt that her life had been threatened, and she was afraid.

[4] S.L. went to the Ripley County prosecutor's office and spoke to investigator Kurt Enneking. He observed that S.L. had a black eye visible through her makeup. He showed her how to file a complaint and seek a protective order. The following day, S.L. sought and obtained a protective order against Lee. As part of his investigation of S.L.'s claim, Enneking called Lee and recorded the conversation. State's Ex. 3. Lee told Enneking that he did not know how S.L. got the black eye. Lee also stated, "[S.L.] said that we were wrestling around one night and, and that I blacked her eye but I never knew I done anything." Tr. at 315.

[5] The State charged Lee with class A misdemeanor domestic battery and class D felony domestic battery with a previous felony conviction. A jury trial was held. S.L., her friend, and Enneking testified. The pictures of S.L.'s black eye and the recorded phone conversation were submitted. Lee presented no evidence. The jury found Lee guilty of class A misdemeanor domestic battery. Lee admitted his prior conviction and pled guilty to class D felony domestic battery.

[6] At Lee's sentencing hearing, the trial court found no mitigating factors. The trial court found that Lee's history of alcohol-related offenses and domestic

battery were aggravating circumstances. The trial court sentenced Lee to two and a half years with one year suspended to probation. Lee appeals.

## Discussion and Decision

## Section 1 – The evidence is sufficient to support Lee's conviction for domestic battery.

[7] Lee challenges the sufficiency of the evidence supporting his conviction. In reviewing claims of insufficient evidence, we consider only the evidence and reasonable inferences arising therefrom supporting the conviction without reweighing the evidence or judging witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id*. "A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[8] To convict Lee of class D felony domestic battery, the State was required to prove beyond a reasonable doubt that he knowingly or intentionally touched his spouse, S.L., in a rude, angry, or insolent manner, which resulted in bodily injury to S.L., and that he has a previous felony conviction. Appellant's App. at 18-19; Ind. Code § 35-42-2-1.3. Lee's sufficiency challenge appears to apply to the State's burden to prove that he knowingly or intentionally touched S.L. He argues that the State's version of the incident was based solely on S.L.'s

testimony that he hit her, whereas his statements on the recorded phone conversation indicate that he might have accidentally injured her while wrestling. Lee urges us to apply the incredible dubiosity rule to S.L.'s testimony.

[9] Generally, appellate courts do not judge witness credibility, but we may apply the "incredible dubiosity" rule to impinge upon the factfinder's function to judge witness credibility. *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). Under the incredible dubiosity rule,

> [i]f a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citations omitted).

[10] Lee asserts that S.L.'s testimony that he punched her in the stomach and elbowed her eye is inherently improbable in light of her testimony that he was so drunk that he was staggering and she had to help him to the couch. We disagree. Unfortunately, it is not uncommon for someone who is very intoxicated to strike out at someone. The fact that Lee had difficulty keeping his balance does not mean that he was incapable of knowingly or intentionally hitting S.L. while they were sitting on the couch. We conclude that S.L.'s testimony was not incredibly dubious and that her testimony provides sufficient

evidence that Lee knowingly and intentionally touched her in an angry manner. Therefore, we affirm his conviction for class D felony battery.

## Section 2 – Lee's sentence is not inappropriate.

[11] Lee contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Lee has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[12] Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Lee was convicted of a class D felony, which has an advisory sentence of one and a half years and a sentencing range of six months to three years. Ind. Code § 35-50-2-7. Lee received a sentence of two and a half years. Lee contends that the nature of the crime was that "a bereaved, drunken man injured his wife in the

hours after coming home from his father's visitation." Appellant's Br. at 11. Lee's argument ignores that S.L. was trying to console him when he punched her in the stomach three times and elbowed her in the eye. He also threatened her when she told him that she should report the incident. We are unpersuaded that the nature of the crime renders Lee's sentence inappropriate.

[13] As for Lee's character, he argues that he suffers from serious medical conditions, completed an alcohol rehabilitation program, and is helping his sister care for their brother who has Parkinson's disease. We fail to discern any link between Lee's medical conditions and his character for purposes of reviewing the appropriateness of his sentence. Although Lee successfully completed a ten-week treatment program for alcohol addiction, we note that after he finished that program he committed the current offense as well as class A misdemeanor operating while intoxicated. He has two additional convictions for class A misdemeanor operating while intoxicated and a conviction for class D felony operating while intoxicated. Of particular concern is that he has a 2008 conviction for class A misdemeanor domestic battery. Despite numerous past encounters with the justice system, Lee has not reformed his behavior, which does not reflect well on his character. Lee points to nothing in the record regarding the care of his brother other than his self-serving statement that he does so. We conclude that Lee has failed to carry his burden to show that his sentence is inappropriate based on the nature of the offense and his character.

Based on the foregoing, we affirm Lee's conviction and sentence for class D felony domestic battery.

Affirmed.

Friedlander, J., and Kirsch, J., concur.