ATTORNEYS FOR APPELLANT
Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 29 2011, 1:38 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 13S04-1101-CR-7

DONALD A. PIERCE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellees (Plaintiff below).*

Appeal from the Crawford Circuit Court, No. 13C01-0706-FA-002
The Honorable Kenneth L. Lopp, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 13A04-0908-CR-480

**June 29, 2011**

**Rucker, Justice.**

A jury convicted Donald A. Pierce on four counts of child molesting, three as Class A felonies and one as a Class C felony. The jury also adjudicated Pierce a repeat sex offender. The trial court sentenced Pierce to four consecutive sentences for a total term of 124 years and enhanced the sentences by ten years for the repeat sex offender adjudication. Based on the nature of the offense and character of the offender, we revise the sentence to a total term of 80 years.

**Background**

Pierce dated J.W.'s mother and after several months, moved into the home J.W. and her mother shared. Pierce and J.W.'s mother planned to marry. In April of 2006, when J.W. was ten years old, Pierce began molesting her when her mother was at work. According to J.W. the molestation occurred approximately every other weekend for a year and included sexual intercourse, oral sex, and fondling. The State charged Pierce with three counts of Class A felony child molesting and one count of Class C felony child molesting. The State also alleged that Pierce was a repeat sexual offender[1] based on a 1999 conviction for Class C felony child molesting. A jury found Pierce guilty as charged and also adjudged him a repeat sexual offender. The trial court sentenced Pierce to forty years on each of the three Class A felony convictions, four years on the Class C felony conviction, and ordered the sentences to run consecutively for a total term of 124 years. Suspending ten years to probation, the trial court also enhanced the sentence by ten years for the repeat sexual offender adjudication and ordered this sentence to be served concurrently.

---

[1] Indiana Code section 35-50-2-14 provides in relevant part:

> (e) A person is a repeat sexual offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had accumulated one (1) prior unrelated felony sex offense conviction.

> (f) The court may sentence a person found to be a repeat sexual offender to an additional fixed term that is the advisory sentence for the underlying offense. However, the additional sentence may not exceed ten (10) years.

Pierce appealed raising several claims including the appropriateness of his 124-year sentence. The State cross-appealed contending the trial court erred in ordering Pierce to serve the repeat offender enhancement concurrently. In an unpublished memorandum decision the Court of Appeals agreed with the State. It affirmed in part the judgment of the trial court, remanding this cause with instructions to attach the additional fixed ten-year term to one of Pierce's Class A felony sentences for an aggregate term of 134 years. Pierce v. State, No. 13A04-0908-CR-480 (Ind. Ct. App. Oct. 28, 2010). We now grant Pierce's petition to transfer to address his appropriateness claim. In all other respects we summarily affirm the opinion of the Court of Appeals. See Ind. Appellate Rule 58(A)(2).

## Discussion

The advisory sentence for a Class A felony is thirty years, the maximum sentence is fifty years, and the minimum sentence is twenty years. Ind. Code § 35-50-2-4. The advisory term for a Class C felony is four years with the minimum and maximum terms being two and eight years, respectively. I.C. § 35-50-2-6. The trial court "shall determine whether terms of imprisonment shall be served concurrently or consecutively" and may consider the sentencing aggravators and mitigators in making this determination. I.C. § 35-50-1-2(c); Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010) (recognizing that choosing whether sentences will run concurrently or consecutively is among the trial court's many options when determining the length of a sentence). The trial court here imposed enhanced and consecutive sentences primarily on the basis of Pierce's previous child molestation conviction. Tr. at 694. Pierce does not contend that his sentence does not comply with statute or case law, but rather submits that the total executed term is excessive and should be revised pursuant to Indiana Appellate Rule 7(B).

Even where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. See Ind. Const. art 7, §§ 4, 6; Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). Appellate courts implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence if "after due consideration of the trial court's decision" we find "the sentence is inappropriate in light of the nature of the offense and the character of the

3

offender." App. R. 7(B). We have recognized that "appellate review should focus on the forest – the aggregate sentence – rather than the trees – consecutive or concurrent, number of counts, or length of the sentence on any individual count." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

Concerning the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed. Anglemyer, 868 N.E.2d at 494. As indicated earlier the advisory sentence for Class A felony child molesting is thirty years. But crimes against children are particularly contemptible. Monroe v. State, 886 N.E.2d 578, 580 (Ind. 2008). And Pierce was in a position of trust with J.W., preying on her when she was in his care while her mother was at work. He molested this young child repeatedly for over a year. Thus the trial court enhanced the advisory sentence on each of the Class A felonies by ten years. However, the three counts of Class A felony child molestation were identical and involved the same child. See Walker v. State, 747 N.E.2d 536, 538 (Ind. 2001) (declaring defendant's consecutive sentence of eighty years for two counts of Class A felony child molesting manifestly unreasonable in part because "the two separate counts of child molesting were identical and involved the same child"). The nature and circumstances of Pierce's crime coupled with his position of trust with the child victim is sufficiently aggravating to warrant an enhanced sentence. But, we do not believe this necessarily justifies enhancing each of the Class A felonies and imposing four consecutive sentences. "Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences . . . ." Cardwell, 895 N.E.2d 1225. See also Harris v. State, 897 N.E.2d 927, 930 (Ind. 2008) (revising consecutive child molesting sentences to run concurrently where there was only one victim); Smith v. State, 889 N.E.2d 261, 264 (Ind. 2008) (same); Monroe v. State, 886 N.E.2d 578, 580 (Ind. 2008) (same). Cf. Sanchez v. State, 938 N.E.2d 720, 723 (Ind. 2010) (acknowledging that "generally, multiple victims justify the imposition of enhanced and consecutive sentences").

As for the character of the offender, we note that other than the prior Class C molestation conviction, Pierce has no criminal record. We acknowledge that the current offenses are similar in nature to the prior offense, but we note that the prior offense occurred nearly eight years before the instant offenses. See Smith, 889 N.E.2d at 264 (reducing sentence where prior similar

offenses were distant in time from the current offense). Although we agree that the aggravating weight of Pierce's criminal history justifies an enhanced sentence, we do not find it sufficiently aggravating to justify enhancing each of the Class A felonies and imposing four consecutive sentences.

Finding sufficient aggravating circumstances to warrant imposing enhanced sentences for child molesting, we revise Pierce's sentence to an enhanced term of forty (40) years on Count I, the advisory sentence of thirty (30) years on Counts II and III, and the advisory sentence of four (4) years on Count IV. Counts II, III, and IV shall be served concurrently with each other and consecutive to the sentence imposed in Count I; and the ten (10) year enhancement for the repeat sexual offender adjudication shall be attached to the term imposed in Count I for a total term of eighty (80) years. On remand, the trial court may determine whether and to what extent any portion of the sentence should be suspended to probation.

**Conclusion**

We affirm Pierce's convictions and remand this cause to the trial court with instructions to issue an amended sentencing order consistent with this opinion, and without the necessity of an additional hearing.

Shepard, C.J., and Sullivan, J., concur.
David, J., dissents with separate opinion in which Dickson, J., concurs.

5

**David, J., dissenting.**

I respectfully disagree with my colleagues, as I would not disturb the ruling of the Court of Appeals. Other than the trial judge mistakenly giving the defendant a concurrent ten year enhancement, when pursuant to Indiana Code section 35-50-2-14, the enhancement had to be served consecutively, I am concerned that the majority opinion usurps this Court's limited role and sets aside the guidance we gave in Cardwell v State, 859 N.E.2d 1219 (2008). Cardwell held that "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." 859 N.E.2d at 1225.

Here the trial court judge did exactly what he was supposed to do—exercise discretion within the required statutory and case law framework. I fear this opinion blurs the guidance in Cardwell and is more akin to a second guessing by this Court. I believe that after "due consideration of the trial court's decision" under Indiana Appellate Rule 7(B) that the sentence is appropriate "in light of the nature of the offense and the character of the offender." After all, it is the defendant's burden to demonstrate that the trial court sentence is inappropriate.

Furthermore, I do not believe that Walker v. State, 747 N.E.2d 536 (2001) is the relevant case. In Walker, the two molestations occurred over a period of less than ninety days and involved only oral sex. Id. at 538. In this case the molestations occurred over a span of one year and involved fondling, oral sex, and intercourse on multiple occasions. Moreover, Pierce has a prior conviction for molestation. This is a case where the discretion and judgment of the trial court should not be overturned. Consequently, with the exception noted above, I would affirm the trial court.

Dickson, J., concurs.

1