**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 26 2014, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARDELL PARHAM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1403-CR-74 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy Davis, Judge
Cause No. 02D04-1310-FD-1097

**September 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Cardell Parham appeals his three-year sentence imposed following his guilty plea to class D felony domestic battery. He argues that the trial court abused its discretion in sentencing him by failing to find certain mitigating factors. He also argues that his sentence is inappropriate based on the nature of the offense and his character. We conclude that the trial court did not abuse its discretion and that Parham fails to carry his burden to show that his sentence is inappropriate. Accordingly, we affirm.

**Facts and Procedural History**

Parham and Danielle Brown were eating ice cream in her home along with her roommate and four young children. Three of the children were Parham's and Brown's, and they were all under the age of ten. The youngest child was just eighteen months old. Parham had been drinking that day. When Brown ate some of Parham's ice cream, he became angry. He punched Brown in the face with a closed fist while she was holding their youngest child.

Brown locked Parham out of the house. Parham then broke a window and pushed in an air conditioning unit to get back into the house. In the presence of the four children, he got on top of Brown and punched her in the face multiple times with a closed first. As a result of Parham's punches, Brown's face was bruised, cut, and swollen and there was blood in her hair.

The State charged Parham with class D felony domestic battery resulting in bodily injury in the presence of a child less than sixteen years of age. Parham pled guilty as charged on the morning that his trial was to be held. At the sentencing hearing, Parham asked the

trial court to consider his guilty plea, his carpentry training, his high school diploma, his seven children, his participation in substance abuse programs, and that his crime was precipitated by his alcohol abuse as mitigating factors. Parham told the trial court that he was sorry for what he did. The trial court found that Parham's guilty plea was a mitigating factor deserving little weight and otherwise rejected all of Parham's proffered mitigators. The trial court found that Parham's criminal history, consisting of seventeen misdemeanor and eight felony convictions, including six battery convictions, was an aggravating factor. The trial court also noted that Parham had violated parole and twice violated felony probation. The trial court observed that Parham's offenses tended to be "extremely violent." Sentencing Tr. at 11. As for Parham's statement of remorse, the trial court said, "I heard what you said today, Mr. Parham, but candidly your character is a very bad one." *Id*. The trial court sentenced him to three years.

## Discussion and Decision

### Section 1 – Abuse of Discretion

Parham asserts that the trial court abused its discretion in sentencing him by failing to find certain mitigating factors. We observe that as long as the trial court imposes a sentence within the statutory range, its sentencing decision is reviewable only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. A trial court abuses its sentencing discretion by (1) failing to enter a sentencing statement at all, (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record, (3) entering a sentencing statement that omits

3

reasons that are clearly supported by the record, or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91. In addition,

> the determination of mitigating circumstances is within the discretion of the trial court. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record.

*Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*.

Parham argues that the "unrecognized mitigators include [his] high school diploma, college courses, a certification in carpentry, substance abuse treatment, dependent children, [and that he] has taken responsibility for his unlawful actions and showed remorse during sentencing." Appellant's Br. at 5. We do not agree that the trial court failed to recognize that Parham took responsibility for his crime and showed remorse. The trial court acknowledged Parham's guilty plea but gave it little weight, and the trial court does not abuse its discretion by weighing a mitigating factor differently than does the defendant. *See Healey*, 969 N.E.2d at 616. As for the remaining reasons, Parham does not explain why they are significant in his case. Therefore, he fails to carry his burden to show that the trial court abused its discretion by failing to recognize them as mitigating factors.

### Section 2 – Inappropriateness of Sentence

Parham also contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due

4

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Parham has the burden to show that his sentence is inappropriate. *Anglemyer*, 868 N.E.2d at 494.

Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a class D felony is one and one-half years, with a range of six months to three years. Ind. Code § 35-50-2-7(a). Parham received the maximum sentence. "The nature of the offenses is found in the details and circumstances of the commission of the offenses and the defendant's participation." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). "One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013) (quoting *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied.*). Here, factors exist which make Parham's crime more egregious than the typical domestic battery. Parham struck Brown multiple times. Parham did not just strike Brown in the presence of the four children;

5

he struck Brown while she was holding their eighteen-month-old child, putting that child at great risk of harm. Then he broke a window to get back into the house and struck Brown multiple times. Brown's bodily injuries included bruises, cuts, and swelling, and left blood in her hair. We conclude that the nature of the crime justifies a sentence above the advisory.

As for Parham's character, we observe that the "character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. In assessing Parham's character, we cannot ignore, although he does, his lengthy criminal history. Parham has seventeen misdemeanor convictions, five of which are for battery. He also has eight felony convictions, including class C felony battery, class B felony attempted robbery, and carrying a handgun without a license. He has also violated parole and probation. Thus, his criminal past is extensive and violent. As such, Parham's character justifies a sentence above the advisory.

We conclude that Parham has failed to show that his three-year sentence is inappropriate in light of the nature of the offense and his character. Therefore, we affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.