Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 22 2014, 10:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHRISTOPHER STULL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 31A01-1403-CR-110 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-1306-FB-370

**October 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Christopher Stull appeals his twelve-year sentence imposed for his conviction for class B felony operating a vehicle with a schedule I or II controlled substance causing death, arguing that it is inappropriate in light of the nature of the offense and his character. Concluding that Stull has failed to carry his burden to show that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

Stull was driving his pickup truck in Harrison County when he crossed the center line and crashed into the car driven by Crystal Milchling, who was killed. The collision also trapped in the backseat Milchling's seven-year-old daughter N.P., whose cries for help to her mother went unanswered. Emergency workers had to cut her out of the car. N.P. was transported by air ambulance to the hospital. N.P.'s injuries included a cracked skull, a broken lower left leg, a broken left forearm, a broken right forearm, a broken right wrist, and lacerations to her left eyebrow and the right side of her forehead. Following the collision, Stull was transported to a hospital and submitted to a blood draw. The blood test revealed the presence of methamphetamine.

The State charged Stull with Count 1, class B felony operating a vehicle with a schedule I or II controlled substance causing death; and Count 2, class D felony operating a vehicle with a schedule I or II controlled substance causing serious bodily injury. Stull and the State entered into a plea agreement, in which Stull agreed to plead guilty to Count 1 as charged and the State agreed to a sentencing cap of twelve years and to dismiss Count 2. The

trial court accepted the plea agreement and sentenced Stull to twelve years executed. Stull appeals.

**Discussion and Decision**

Stull contends that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). A defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring). Stull has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Stull pled guilty to a class B felony. The advisory sentence for a class B felony is ten years with a sentencing range of six to twenty years. Ind.

3

Code § 35-50-2-5. Stull received a twelve-year sentence, the maximum he could receive pursuant to the plea agreement but only two years above the advisory sentence for a class B felony. Stull argues that the nature of his offense is exactly that contemplated by the statute, and therefore a sentence above the advisory is unwarranted. We disagree. In addition to causing Milchling's death, Stull's conduct also caused severe physical injuries to her seven-year-old child. The emotional toll on the child must be significant as well, since she not only witnessed the violent and unnecessary death of her mother but also remained trapped in the car after the collision until emergency workers cut her out.

As for Stull's character, he has a misdemeanor conviction for driving while intoxicated. Although the crime occurred thirteen years before the current offense, it is directly related to it. In fact, Stull has a lengthy history of drug use including marijuana and methamphetamine. Therefore, even though his criminal history consists of one misdemeanor, he cannot be said to have led a law abiding life. Other circumstances reflect positively on Stull's character: he was remorseful and he has a solid employment history. Nevertheless, even if his character does not support an enhanced sentence, the nature of his crime does. We conclude that Stull has failed to carry his burden to show that his sentence is inappropriate. Therefore, we affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.

4