## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2016, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Willie P. Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 9, 2016

Court of Appeals Case No.
20A03-1510-CR-1693

Appeal from the Elkhart Circuit
Court.
The Honorable Terry C. Shewmaker,
Judge.
Cause No. 20C01-1410-FB-76

**Darden, Senior Judge**

# Statement of the Case

Willie P. Jackson appeals the forty-year sentence the trial court imposed for his convictions of two counts of robbery while armed with a deadly weapon,[1] five counts of criminal confinement while armed with a deadly weapon,[2] and one count of conspiracy to commit armed robbery,[3] all Class B felonies. We affirm in part, reverse in part, and remand with instructions.

# Issues

Jackson raises two sentencing claims, which we restate as:

I.   Whether the trial court abused its discretion in identifying Jackson's juvenile record as an aggravating factor.

II.  Whether Jackson's forty-year sentence is inappropriate in light of the nature of the offenses and his character.

# Facts and Procedural History

In December 2013, nineteen-year-old Willie P. Jackson conspired with three other men to rob a sporting goods store in Elkhart. The conspirators prepared plastic zip ties to secure their victims. They also dressed in white painter's outfits and put on masks. One of the robbers was armed with a handgun.

---

[1] Ind. Code § 35-42-5-1 (1984).

[2] Ind. Code § 35-42-3-3 (2006).

[3] Ind. Code §§ 35-41-5-2 (1977); 35-42-5-1.

[4] On December 14, 2013, Jackson drove his three co-conspirators to the store. He stayed in the car while the other three men went inside. The three men secured the employees and customers at gunpoint, using zip ties to restrain most of them. Two of the store employees were as young as seventeen years old. One of the robbers took a wallet from one of the customers. Next, the men ordered another store employee to open the gun cases and put the guns and ammunition into a shopping cart. They forced a store employee to wheel the cart out of the store to their car. They loaded the guns and ammunition into the car and drove away.

[5] Jackson and his co-conspirators stole forty-four handguns and four rifles from the store, with a value of $22,139.52. Less than a quarter of those guns have been recovered by the State.

[6] The State charged Jackson with two counts of Class B felony robbery, one for the store and one for the customer; five counts of Class B felony criminal confinement; and one count of Class B felony conspiracy to rob the store.[4] Jackson pleaded guilty as charged, reserving only his right to appeal the sentence imposed by the court.

[7] During the sentencing hearing, Jackson requested an aggregate sentence of thirty years. The State asked for fifty years. The trial court imposed a total

---

[4] One other person was charged with participating in the robbery. The record does not state how those charges were resolved.

sentence of forty years, stating, "Mr. Jackson had a lesser involvement in this case than other perpetrators, and that played a major role in the Court's decision not to impose the 50 year sentence requested by the State." Tr. p. 71. This appeal followed.

# Discussion and Decision

## I. Juvenile Record as an Aggravating Factor

[8] Jackson argues the trial court should not have identified his juvenile record as an aggravating factor. The State asserts the trial court acted appropriately in considering Jackson's juvenile record because it is similar in nature to his current offenses.

[9] Sentencing decisions rest within the sound discretion of the trial court. *Winkleman v. State*, 22 N.E.3d 844, 852 (Ind. Ct. App. 2014), *trans. denied*. We review the trial court's decision only for an abuse of discretion. *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Lewis v. State*, 31 N.E.3d 539, 541-42 (Ind. Ct. App. 2015). One way in which a sentencing court may abuse its sentencing discretion is by finding aggravating or mitigating circumstances that are not supported by the record. *Bisard v. State*, 26 N.E.3d 1060, 1070 (Ind. Ct. App. 2015), *trans. denied*.

[10] The significance of a criminal history for purposes of sentencing will vary based on the gravity, nature, and number of prior offenses as they relate to the current offenses. *Caraway v. State*, 959 N.E.2d 847, 851 (Ind. Ct. App. 2011), *trans. denied*. Jackson was twenty-one years old at the time of his sentencing hearing. He had no prior adult criminal history, but his juvenile record is more than minor. In 2008, Jackson was adjudicated a delinquent for an act that, if it had been committed by an adult, would have been Class A misdemeanor battery. In 2010, he was adjudicated a delinquent for an act that, if it had been committed by an adult, would have been Class D felony theft. In 2012, Jackson was adjudicated a delinquent for an act that, if it had been committed by an adult, would have been aiding a burglary, a Class B felony. He committed his current offenses a year and a half after being released from the Department of Correction for his final juvenile adjudication. Jackson's juvenile record demonstrates that he has committed multiple serious offenses and has escalated his misconduct over time, culminating in the current Class B felony offenses.

[11] Jackson cites *Alvies v. State*, 905 N.E.2d 57 (Ind. Ct. App. 2009), in support of his claim, but that case is distinguishable. In *Alvies*, a panel of this Court concluded Alvies' juvenile record, which consisted of four misdemeanors and one felony, was not a valid aggravating factor because it was dissimilar from the brutal crimes he committed as an adult. *Id.* at 64. By contrast, in the current case Jackson's juvenile offenses are not so dissimilar from his current offenses. Jackson's last juvenile offense involved assisting in a burglary, and in the current case he assisted in robberies and criminal confinements. The trial court

did not abuse its discretion in identifying Jackson's juvenile criminal history as an aggravating factor.

## II. Nature of the Offenses and Character of the Offender

[12] Jackson asserts his forty-year sentence is exceptionally long based on the facts and circumstances surrounding his case and asks the Court to reduce it. The State responds that his sentence is appropriate under the circumstances.

[13] Even where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a sentence. *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011) (citing Ind. Const. art. 7, §§ 4, 6). Appellate courts implement this authority through Indiana Appellate Rule 7(B), which provides that a sentence may be revised if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." A defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review. *James v. State*, 868 N.E.2d 543, 546 (Ind. Ct. App. 2007). Appellate review of appropriateness should focus on the forest—the aggregate sentence—instead of the trees—the number of counts, the length of the sentence on any individual count, or whether the sentences are to be served consecutively or concurrently. *Pierce*, 949 N.E.2d at 352.

[14] At the time Jackson committed his offenses, a Class B felony was punishable by a maximum sentence of twenty years and a minimum sentence of six years,

with an advisory sentence of ten years.  Ind. Code § 35-50-2-5 (2005).  The trial court sentenced Jackson to an enhanced sentence of fifteen years for each of the robbery charges, to be served consecutively.  The trial court further sentenced Jackson to the advisory sentence of ten years on each of the confinement charges and the conspiracy charge, to be served concurrently with each other and consecutively to the robbery sentences, for an aggregate sentence of forty years.

[15]  Turning to the nature of the offense, Jackson, while serving as the getaway driver of a car, participated in a brazen robbery.  Numerous employees and customers were endangered.  Furthermore, several employees were tied up with zip ties.  Over forty guns and associated ammunition were stolen.  The State has recovered only a fraction of those guns, and the missing ones could possibly be used in future crimes.

[16]  On the other hand, we in no way discount Jackson's role in carrying out these offenses as an accomplice, although he did not go inside the store.  As our Supreme Court has stated, "'while an accomplice may be found guilty of the crime largely executed by his principal, it does not follow that the same penalty is appropriate.'"  *Brown v. State*, 10 N.E.3d 1, 5 (Ind. 2014) (quoting *Castillo v. State*, 974 N.E.2d 458, 467 (Ind. 2012)).  There is no evidence in the record or any indication that Jackson intended or knew that his co-conspirators would also rob a customer in addition to the store itself.  There is also no evidence in the record as to the extent to which Jackson participated in planning the crime.

[17]     Furthermore, although the effects of the crime were reprehensible, they were not particularly heinous. Although some of the store's employees reported the impact on them from the robbery, including taking anxiety medication and feeling unable to continue working at the store, those effects did not appear disproportionate to the nature of the offenses as contemplated by statute.

[18]     Turning to the character of the offender, Jackson was only nineteen when he participated in the crimes. He was certainly old enough to know that the robbery was wrong, especially in light of his three prior juvenile adjudications. Nevertheless, we cannot conclude that the record demonstrates a forty-year sentence, which will consume most of his adult life, is appropriate. He pleaded guilty as charged without any concessions from the State, and this was his first felony case as an adult. Jackson obtained a G.E.D. during his last juvenile incarceration.

[19]     We acknowledge the sentencing court explicitly took into account Jackson's status as an accomplice in fashioning his sentence. Nevertheless, viewing Jackson's sentence in the aggregate, we conclude it is inappropriate. *See, e.g., Laster v. State*, 956 N.E.2d 187, 194 (Ind. Ct. App. 2011) (reducing aggregate sentence for multiple convictions for burglary and robbery); *cf. Herron v. State*, 808 N.E.2d 172, 179 (Ind. Ct. App. 2004) (sentence deemed not inappropriate even though defendant, acting as an accomplice, received a longer sentence than the principal), *trans. denied*. Pursuant to our power to revise sentences, we reverse and remand to the trial court to issue a revised sentencing order directing that Jackson's sentence for Count II, robbery of the store customer,

shall be ten years. Jackson's sentence is otherwise unchanged, for an aggregate sentence of thirty-five years.

# Conclusion

[20] For the reasons stated above, we affirm in part the judgment of the trial court, reverse in part, and remand with instructions to amend Jackson's sentence as noted above.

[21] Affirmed in part, reversed in part, and remanded.

May, J., and Barnes, J., concur.