## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2017, 8:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. Squiller
Squiller & Hamilton, LLP
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul Michael Kage, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 23, 2017 <br><br> Court of Appeals Case No. <br> 76A04-1611-CR-2616 <br><br> Appeal from the Steuben Superior Court <br><br> The Honorable William C. Fee, Judge <br><br> Trial Court Cause No. <br> 76D01-1509-F5-750 |

**Mathias, Judge.**

[1] Paul Michael Kage, Jr., ("Kage") was convicted in Steuben Superior Court of Level 5 felony operating a motor vehicle after forfeiture of license for life, and

he was ordered to serve six years executed in the Department of Correction. Kage was also adjudicated a habitual offender and was ordered to serve an additional two years executed. Kage appeals and argues that his aggregate eight-year sentence is inappropriate in light of the nature of his offense and his character.

We affirm.

## Facts and Procedural History

On September 27, 2015, Indiana State Police Trooper Chris Kinsey ("Trooper Kinsey") observed Kage leave a gas station in a vehicle. Trooper Kinsey knew Kage from past law enforcement contact and confirmed with a license check by Steuben County Communications that Kage was a habitual traffic violator. Trooper Kinsey and Patrolman Matt Kling of the Angola Police Department subsequently stopped and arrested Kage without incident.

Kage was charged with Level 5 felony operating a motor vehicle after forfeiture of license for life. He was also charged as a habitual offender based on more than two prior, unrelated felonies. In September 2016, a jury trial was held and Kage was convicted of both charges.

Kage's sentencing hearing was held on October 17, 2016. The trial court observed that Kage's decision to operate his vehicle despite knowing that he had forfeited his license was not mitigated by any emergency circumstance. The trial court considered Kage's criminal history as an aggravating circumstance. In addition to the four prior felony convictions used in the state's habitual

offender allegation against him, Kage's criminal history includes numerous prior felony and misdemeanor convictions. These include convictions for drug offenses, battery, invasion of privacy, operating a vehicle while intoxicated, and other driving-related offenses. Kage's criminal history also includes four probation revocations. The trial court found no mitigating factors. The trial court ordered Kage to serve an aggregate sentence of eight years executed in the Department of Correction. Kage now appeals.

## Discussion and Decision

[6] Kage argues that his aggregate eight-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead, we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits of persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Kage

bears the burden to establish that his sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[7] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). Courts may consider the advisory sentence for a crime when imposing a sentence, but courts are not required to use an advisory sentence. Ind. Code § 35-50-2-1.3(a-b). The advisory sentence for a Level 5 felony is three years, with a sentencing range of one to six years. Ind. Code § 35-50-2-6(b). Kage's six-year sentence is the maximum available in the Level 5 felony sentencing range. Courts may sentence habitual offenders convicted of a Level 5 felony to an additional fixed term between two and six years. Ind. Code § 35-50-2-8(i)(2). Kage's two-year habitual offender enhancement results in an aggregate sentence of eight years. When evaluating whether a sentence is inappropriate, "appellate review should focus on the forest – the aggregate sentence – rather than the trees – consecutive or concurrent… or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[8] The nature of Kage's offense is closely related to the nature of Kage's character. Excluding his juvenile criminal history, Kage has exhibited "constant criminal activity" since 1997. Appellant's App. p. 27. The trial court agreed with the presentence investigation report conclusion; Kage's criminal history is "massive." Tr. p. 105. His criminal history includes the following offenses related to his current offense: two convictions for operating vehicle while

intoxicated, one conviction for driving while suspended, one conviction for driving while license not valid, one conviction for habitual traffic offender, and one conviction for operating a motor vehicle after a lifetime suspension. Past offenses unrelated to the present offense include convictions relating to violence, invasion of privacy, drugs, and alcohol. The trial court characterized Kage's criminal history as "on point" with the nature of his present crime. Tr. p. 105.

[9] The trial court found that although Kage cooperated during his arrest and respected the court proceedings, his behavior did little to mitigate "a criminal history that is this long." Tr. p. 106. In the court's view, Kage's pattern of recidivism is "reflective of [his] mindset" and "disrespectful of the rule of law." Tr. p. 105-6. Considering the length of Kage's criminal history and its relation to his most recent convictions, we agree with the trial court that the aggregate eight-year sentence is "earned and appropriate." Tr. p. 106. We conclude that Kage has not met his burden of persuading us that his eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. *See Anglemyer*, 896 N.E.2d at 494.

[10] Affirmed.

Kirsch, J., and Altice, J., concur.