## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2017, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nytarian Ray Callahan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

June 29, 2017

Court of Appeals Case No.
27A02-1606-CR-1504

Appeal from the Grant Circuit Court

The Honorable Mark E. Spitzer, Judge

Trial Court Cause No.
27C01-1408-F1-2

**Mathias, Judge.**

[1] Nytarian Ray Callahan ("Callahan") argues that his aggregate forty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In the early morning hours of July 14, 2015, seventeen-year-old Callahan and two fifteen-year-old companions burglarized a home in Marion, Indiana, by entering the home through a kitchen window. R.H. was present in the home with her four young children, who were sleeping. Callahan and his two co-defendants raped R.H. numerous times both vaginally and anally. R.H. was also forced to perform multiple acts of fellatio on all three assailants, often while one of the other men raped her. R.H. was told that her children would be harmed or killed if she called the police.

[4] Callahan and his co-defendants eventually left R.H.'s home and stole her cell phone, laptops, and an iPod. R.H. called the police later that morning and was examined by a sexual assault nurse. R.H. was bruised and had lacerations on her genitals.

[5] On January 4, 2016, Callahan pleaded guilty to twelve counts of Level 1 felony rape, one count of Level 1 felony conspiracy to commit rape, Level 4 felony burglary, and Level 5 felony robbery. Specifically, the Level 1 felony conspiracy to commit rape charge alleged that Callahan and his co-defendants agreed,

with the intent to commit the felony of rape by threatening the use of deadly force . . . did perform one of more of the following overt acts,
Broke and entered the home of [R.H.] and [S.H.];
Demanded that [R.H.] tell them where her husband was;
Produced condoms, opened a condom package and put on a condom;
Ordered [R.H.] to remove her clothes;
Ordered [R.H.] to perform sexual intercourse;
Ordered [R.H.] to perform other sexual acts;
Threatened to kill [R.H.] and her four children;
Ordered [R.H.] to bathe and watched her bathe.

Appellant's App. p. 19.

[6] At the sentencing hearing, the trial court considered the following aggravating circumstances: 1) "The nature of the crime. The offenses herein included burglary of a home where a young family was present and children were sleeping, robbery of the children's mother, and serial rape of her multiple times by multiple perpetrators, sometimes by two at one time," 2) Callahan's "character and attitudes as demonstrated by his statements in the presentence investigation report," and 3) his prior juvenile record.

[7] Callahan argued that he was entitled to a lesser sentence based on his claim that his co-defendant told him that R.H. had agreed to have sex with them, and the clinical psychologist's report that Callahan might have difficulty understanding social cues due to a genetic disorder. In response to Callahan's argument that he was unable to grasp that the sex offenses were not consensual sex acts, the trial court stated,

> I think an aggravating circumstance is the Defendant's character and attitudes as demonstrated by his statements in the presentence investigation report and also, in . . .the psychosexual evaluation. Perhaps if the facts were as Mr. Callahan indicated to his counseling [sic], then a different result might be appropriate, but Mr. Callahan's statements are inconsistent with the physical evidence in the case and inconsistent with the testimony of the victim, inconsistent with the testimony of his co-defendants . . . at trial and at sentencing. . . . I find it impossible to see how the Defendant could have been misled about the nature of the offenses that he was undertaking based upon the evidence, both the physical evidence and the testimonial evidence.

Tr. p. 61.

The court considered Callahan's age and guilty plea as mitigating circumstances. The court then ordered Callahan to serve a forty-year sentence with four years suspended for each Level 1 felony conviction, but because of Callahan's age, ordered those sentences to be served concurrent to each other. The trial court also imposed concurrent terms of ten years for the Level 4 burglary conviction and 6 years for the Level 5 robbery conviction. Callahan now appeals.

## Discussion and Decision

Callahan argues that his aggregate forty-year sentence, with four years suspended, is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in

light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] Ultimately, our principal role is to "leaven the outliers" rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Callahan bears the burden to establish that his sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[11] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a Level 1 felony is thirty years and the maximum sentence is forty years. Ind. Code § 35-50-2-4(b). For each Level 1 felony conviction, the trial court ordered Callahan to serve concurrent forty-year terms, with four years suspended to probation.

[12] The nature of Callahan's horrendous offenses more than supports his aggregate forty-year sentence with four years suspended to probation. Callahan and his co-defendants broke into R.H.'s home and stole several items. Horrendously, during the extended home invasion, R.H. was terrorized in her home with her four young children sleeping nearby. Her children's lives were threatened by three men who raped her both vaginally and anally causing bruising and lacerations. R.H. was also forced to perform fellatio on Callahan and his co-defendants multiple times.

[13] Yet, Callahan argues that his forty-year sentence is inappropriate because he suffers from a chromosomal deletion known to cause autism-like symptoms, mental retardation, ADHD, and difficulties understanding social cues. Seventeen-year-old Callahan was also born with Fetal Alcohol Spectrum Disorder and Fetal Cocaine Exposure. Callahan was examined by a clinical psychologist who concluded that because he suffers from the chromosomal deletion, Callahan could not understand how his behaviors affected the victim. Callahan argues that while "the evidence is not clear that there was any nexus between [his] mental illness and the crime, there is evidence that his mental illness contributed to his inability to fully assess the wrongfulness of his actions." Appellant's Br. at 10.

[14] In reaching his conclusion, the clinical psychologist accepted Callahan's claim that his co-defendant told Callahan that R.H. had agreed to have sex with the three men. The psychologist concluded that Callahan lacked the skills "to read the situation for what it truly was" and he "likely assumed it was another orgy."

Appellant's App. Vol. II, pp. 64-65. The trial court did not credit the psychologist's opinion because Callahan's self-reporting was inconsistent with the victim's testimony, his co-defendant's testimony, and physical evidence in the case.

[15] Moreover, even though he pleaded guilty, Callahan continued to attempt to excuse his criminal behavior by blaming his co-defendant and arguing that he did not realize that R.H. had not consented to the sex and fellatio that was repeatedly forced upon her.

[16] For these reasons, we conclude that Callahan's aggregate forty-year sentence with four years suspended to probation was not inappropriate in light of the nature of the offense and the character of the offender.

[17] Affirmed.

Kirsch, J., and Altice, J., concur.