## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2017, 5:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James A. Pequignot, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 18, 2017

Court of Appeals Case No.
02A03-1702-CR-466

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D06-1605-F6-620

**Crone, Judge.**

## Case Summary

[1] James A. Pequignot, Jr., appeals the aggregate two and one-half year sentence imposed by the trial court following his guilty plea and conviction for two counts of level 6 felony resisting law enforcement, and one count of class A misdemeanor operating a vehicle while intoxicated. He contends that his sentence is inappropriate in light of the nature of the offenses and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On May 23, 2016, Fort Wayne Police Department Officer A. Maurer observed a silver Ford Focus, driven by Pequignot, traveling westbound on Washington Boulevard. Officer Maurer observed Pequignot change lanes without using an appropriate turn signal. Officer Maurer activated his emergency lights to initiate a traffic stop, but Pequignot continued driving, abruptly switching lanes multiple times before finally coming to a stop approximately 25 seconds later.

[3] Pequignot exited his vehicle and faced Officer Maurer. Officer Maurer ordered him to get back into the vehicle, turn off the vehicle, and place his keys on the roof. Pequignot yelled and asked if he was being detained. Officer Maurer answered, "Yes you are right now." Appellant's App. Vol. 2 at 20. Pequignot yelled again to question why he was being detained. Officer Maurer repeated that Pequignot needed to comply with his orders, but Pequignot refused. At that point, other officers arrived and a female passenger exited the vehicle and

complied with orders. After the female exited the vehicle, Pequignot sped off in the vehicle. He drove westbound in an alley, jumped out of the vehicle, and ran. Officers eventually caught up to Pequignot and were able to apprehend him. However, Pequignot forcibly resisted as the officers struggled to take him into custody. Officer M. Cline suffered an injury to his shoulder while attempting to secure Pequignot. Pequignot subsequently submitted to two chemical breath tests that revealed that he had a blood alcohol content of .123% and .134% respectively. He also admitted that he had been drinking beer prior to driving.

[4] The State charged Pequignot with two counts of level 6 felony resisting law enforcement, class A misdemeanor resisting law enforcement, class A misdemeanor operating a vehicle while intoxicated, class C misdemeanor operating a vehicle with .08 or more alcohol concentration, and a class C infraction of failing to give a signal of intention to turn. In July 2016, Pequignot pled guilty to all counts. The trial court took the guilty plea under advisement and Pequignot was placed into the Drug Court program pursuant to a written participation agreement. Among other things, Pequignot agreed to successfully complete all assigned treatment programs, keep all appointments with his case manager, submit to random drug screens and not submit positive or diluted screens, and to appear in court when instructed. In December 2016, the Allen County Drug Court case manager filed a petition to terminate Pequignot's Drug Court participation and to schedule sentencing. The petition stated that Pequignot violated the terms and conditions of his participation by

failing to submit to random urine screens on three occasions, providing a positive screen for alcohol and cocaine on one occasion, and providing diluted screens on three occasions. The petition also stated that Pequignot failed to successfully complete substance abuse treatment and transitional living, and failed to appear in court or meet with his case manager as instructed.

[5] The trial court held a hearing on the petition to terminate on January 3, 2017. Pequignot admitted that he violated the terms of his participation. Indeed, the record indicates that, rather than participate in the Drug Court program as agreed, he chose to "take off" and to "stay on the run" for a period of at least four months. Tr. at 7-8. The trial court granted the petition to terminate and scheduled a sentencing hearing for February 3, 2017.

[6] During sentencing, the trial court identified mitigating factors as Pequignot's guilty plea, his acceptance of responsibility, and his remorse. The court identified his extensive criminal record and his failed efforts at rehabilitation as aggravating factors. The court entered judgment of conviction on two counts of level 6 felony resisting law enforcement and one count of class A misdemeanor operating while intoxicated. The trial court merged the class A misdemeanor resisting law enforcement count into one of the level 6 felony counts, and dismissed the class C misdemeanor operating a vehicle while intoxicated count. The court imposed an aggregate sentence of two and one-half years. This appeal ensued.

## Discussion and Decision

[7] Pequignot claims that his sentence is inappropriate and invites this Court to revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. Our review of the sentence should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count. *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011).

[8] Regarding the nature of the offenses, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crimes committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for level 6 felonies is between six months and two and one-half years, with the

advisory sentence being one year. Ind. Code § 35-50-2-7. A person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Ind. Code § 35-50-3-2. Here, the trial court sentenced Pequignot to concurrent two-and-one-half-year terms for his two level 6 felonies, and a concurrent one year sentence for his class A misdemeanor, for an aggregate sentence of two and one-half years. Although the nature of his conduct which resulted in this aggregate sentence was not particularly egregious, it was not particularly minor either. Pequignot drove a vehicle while intoxicated, fled from police both by vehicle and on foot, and forcibly resisted as the officers tried to take him into custody. Indeed, his behavior caused injury to one of the officers. Nothing about the nature of these offenses convinces us that two and one-half years is an inappropriate sanction.

[9] Pequignot does not fare any better when we consider his character. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Pequignot's criminal history is extensive to say the least. The record indicates that he has fifteen prior misdemeanor convictions and eight prior felony convictions. As noted by the trial court, he has been "given the benefit of every [rehabilitation] program that's available here in Allen County." Tr. at 20. Nevertheless, his probation has been revoked four times and he has had previously suspended sentences modified three times and revoked twice. He has had both his parole and a work release placement revoked once. Moreover, he was on probation when the current offenses were committed, and when he

was again given leniency and referred to Drug Court to aid him in his rehabilitation, he absconded from the program. Pequignot's continued disregard for the law and inability to benefit from rehabilitative services reflects poorly on his character.

[10] On appeal, Pequignot simply suggests that a more "appropriate sentence for this case would have been no more than the [level 6 felony] advisory sentence of 1 year." Appellant's Br. at 14. However, "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). In sum, Pequignot has not persuaded us that his aggregate sentence is inappropriate in light of the nature of the offenses and his character. Thus, we affirm the sentence imposed by the trial court.

[11] Affirmed.

Baker, J., and Barnes, J., concur.