## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2018, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David W. Gilliam,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 27, 2018

Court of Appeals Case No.
18A-CR-310

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1603-F5-67

**Robb, Judge.**

# Case Summary and Issue

[1]     David Gilliam pleaded guilty to three counts of dealing in cocaine, all Level 5 felonies, and one count of maintaining a common nuisance, a Level 6 felony. The trial court sentenced Gilliam to an aggregate sentence of three years in the Indiana Department of Correction. Gilliam appeals, raising the sole issue of whether his sentence is inappropriate in light of the nature of his offenses and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2]     In March of 2016, the State charged Gilliam with three counts of dealing in cocaine, all Level 5 felonies, and one count of maintaining a common nuisance, a Level 6 felony. In May, Gilliam pleaded guilty to all four counts. The trial court took Gilliam's plea under advisement and placed Gilliam in the Allen County Drug Court program. Pursuant to his agreement to participate in the program, if Gilliam completed his obligations, the State would dismiss all charges.

[3]     For over a year after his entry in the drug court program, Gilliam appeared to be a successful participant. He consistently had negative drug screens, participated in community service, attended all appointments, and paid all of his fees. Gilliam had only a few minor violations for which he performed additional community service. In December of 2017, the Allen County Drug Court Case Manager filed a petition to terminate Gilliam from the drug court

program for allegedly engaging in a drug transaction with a confidential informant. Gilliam admitted to the violation.

[4] On January 4, 2018, the trial court entered judgment of conviction on all four counts. The trial court sentenced Gilliam to three years for each conviction of dealing in cocaine and two years for his conviction of maintaining a common nuisance. The trial court ordered all counts to be served concurrently for an aggregate sentence of three years. Gilliam now appeals.

# Discussion and Decision

[5] The sole issue raised by Gilliam on appeal is whether his sentence is inappropriate in light of the nature of the offense and his character. In support of his argument, Gilliam points to his positive efforts in the drug court program, the fact this was his first felony conviction, and the fact this was his first drug-related conviction. Thus, Gilliam "believes that a conviction of one (1) year on each of the Counts would have been an appropriate sentence." Brief of Appellant at 13.

[6] The Indiana Constitution grants this court the authority to review and revise a lawfully imposed sentence, "if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (implementing Ind. Const. Art. 7, § 6). In reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as

the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The defendant bears the burden to demonstrate the sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[7] We first observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The sentencing range for a Level 5 felony is between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Gilliam received the advisory sentence for each Level 5 felony. The sentencing range for a Level 6 felony is between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). Gilliam received a two-year sentence for his Level 6 felony conviction of maintaining a common nuisance. However, this above-advisory sentence runs concurrent with his three-year term for dealing in cocaine. *See Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011) (recognizing appellate review should focus on the "forest"—the aggregate sentence—rather than the "trees"—consecutive or concurrent, number of counts, or length of the sentence of any individual count).

[8] Our review of the nature of the offenses does not reveal anything particularly egregious. The probable cause affidavit reveals that on three separate occasions

an undercover officer and confidential informant purchased cocaine from Gilliam. For these crimes, Gilliam received the advisory sentence.

[9] Turning to Gilliam's character, it is clear he has not led a law-abiding life. Gilliam's pre-sentence investigation report reveals seventeen misdemeanor convictions and multiple juvenile adjudications. Although Gilliam has had no drug-related convictions since 1980, his constant contacts with law enforcement do not speak highly of his character. More significantly, we are troubled by the fact Gilliam squandered an opportunity to have the charges against him dismissed had he followed his obligations under the drug court program. Gilliam's inability to remedy his criminal behavior weighs heavily on his character and, overall, we are unpersuaded his efforts in the drug court program and criminal history require a reduction in his sentence.

[10] Although Gilliam "believes . . . one (1) year on each of the Counts would have been an appropriate sentence[,]" Br. of Appellant at 13, it is not this court's duty to determine the "appropriate" sentence; our mandate is to determine whether the given sentence is inappropriate. *Conley*, 972 N.E.2d at 876. In this case, after reviewing the nature of the offenses and Gilliam's character, we conclude Gilliam's sentence is not inappropriate.

# Conclusion

[11] Gilliam's sentence is not inappropriate in light of the nature of the offenses and his character. The judgment of the trial court is therefore affirmed.

[12]    Affirmed.

Najam, J., and Altice, J., concur.